UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL MITCHELL,

        Plaintiff,

  -v-                                13-CV-0150S
                                       ORDER
DR. PETER BRASELMANN, et al.,

        Defendants.



---

The Court had previously granted plaintiff's motion to proceed *in forma pauperis* and directed the United States Marshals Service to serve the summons and complaint upon the only defendant identified by name--Dr. Peter Braselmann. (Docket No. 3, Order.) The Court also directed the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997), to review the complaint and attempt to ascertain the identities of the John Doe and Jane Doe Nurses who plaintiff seeks to sue herein and alleges failed to provide him adequate medical treatment at the Elmira Correctional Facility in or around March 2012. (Order, at 2-3.)

In response to the Court's Order, an Assistant Attorney General filed a Declaration and advised that Elmira does not have a separate Mental Health Unit and that any issues that require medical attention are referred to the Medical Unit. As to plaintiff's allegations regarding a Jane Doe Nurse on duty between March 14-17, 2012, the Declaration states that there was only one female Nurse on duty on those dates--Joanne Seeley--and she was the Sick Call Nurse on March 14-17, 2012. (Docket No. 6, Declaration, ¶ 3-4.) As to the John Doe Nurse named in complaint, the Declaration states that there was no male

Nurse who worked on the 3:00-11:00pm shift on March 16, 2012, and that the only Nurses assigned to the 3:00-11:00pm shift were female. There was only one male Nurse at Elmira and he worked the 5:00am-1:00pm shift. *(Id.,* ¶ 5.) The Declaration also notes that the Attorney General's Office has received plaintiff's authorizations for his medical records and those records can now be requested and plaintiff can review them.

Upon receipt of the Declaration, plaintiff filed a Motion to Compel Discovery directing defendants to provide a copy of the "record" for inspection. (Docket No. 7.) The Court presumes the "record" plaintiff is referring to is his medical records for March 13-17, 2013. Plaintiff "objects"[1] to the Declaration arguing that the date of the "initial incident" giving rise to his claims was March 13, 2012, not March 14-17, 2012, and refers the Court to Exhibit A of the complaint (Ambulatory Health Record Progress Note, dated March 13, 2012), which plaintiff claims is a medical record that is signed by a Nurse clearing him to return to the "M.H.U." at Elmira upon evaluation. This Exhibit contains three "Progress Notes" on one page, and two are dated March 13, 2012. One Note has a time of "approx 1pm" and the other has a time of "1710" and is signed by a Nurse whose name appears to be "Candice Rae Bauer." Plaintiff's Motion notes that he could not "make out" this Nurse's entire name and that is why he named her as Jane Doe. The Court construes this statement as advising the Court that plaintiff intended to name Nurse Candice Rae Bauer as a defendant. The Court will therefore direct the caption of this action be amended to

---

[1] To the extent plaintiff's Motion argues that the Declaration of the Assistant Attorney General was submitted in bad faith because she submitted information for the dates March 14-17, 2012, and not March 13, 2012, the Court finds no support for such a statement and notes that the Assistant Attorney General's Office has not yet appeared in this action for a defendant but nonetheless assisted the Court as requested under *Valentin*. To the extent plaintiff will be allowed to conduct discovery after issue is joined, he will have the ability to review the necessary medical records as to what nurses treated him and if necessary move to amend the caption or complaint to name such nurses as defendants.

2

name Candice Rae Bauer as a defendant in the place of one of the named Jane Doe Nurses. The Court asks the Assistant Attorney General to confirm with Elmira that the correct name of the Nurse who signed the Progress Noted contained in Exhibit A is Candice Rae Bauer.

Plaintiff's Motion also states that as to Nurse Joanne Sealey being identified as the Sick Call Nurse on duty on March 14-17, 2012, he would consider adding her as a defendant "[i]f this can be made factual through records . . . ." The Declaration is based upon a review of Elmira's records and, therefore, the Court will also direct that the caption of this action be amended to name Joanne Seeley as a defendant in the place of one of the named Jane Doe Nurses. If, at a later time in this litigation and after Seeley is served and appears in this action, it is learned that Seeley did not treat plaintiff or should not be named as a defendant herein, plaintiff can move to withdraw her as a defendant, the parties can agree (stipulate) to dismiss her as a defendant, or she can move to have her dismissed as a defendant in this action.

Plaintiff also notes that to the extent he named a John Doe Nurse and the Declaration notes that there were no male Nurses working on the shift in question, he will, upon disclosure of the relevant records, withdraw the John Doe Nurse and replace him with a Jane Doe Nurse. To the extent the Attorney General's Office has now received plaintiff's authorizations to obtain his medical records, it is asked, upon receipt, to forward to plaintiff copies of his medical records for the period to time at issue in the complaint and plaintiff is directed to review them and determine if any of the Nurses identified in said records are the Nurses he intended to sue herein. If any such Nurses are so identified by plaintiff, he shall move to amend the caption of this action to name said Nurse(s). Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to compel is denied without prejudice;

FURTHER, the Clerk of the Court shall amend the caption to add Candice Rae Bauer and Joanne Seeley as defendants in the place of two Jane Does, Medical Nurses;

FURTHER, that the Clerk of the Court shall cause the United States Marshals Service to serve the Summons and Complaint, along with this Order and the Order, filed February 22, 2013 (Docket No. 3), upon Nurse Candice Rae Bauer and Nurse Joanne Seeley at the Elmira Correctional Facility, and that, pursuant to 42 U.S.C. § 1997(g)(2), defendants are directed to respond to the complaint;[2] and

FURTHER, that the New York State Attorney General's Office shall, upon receipt, forward to plaintiff copies of his medical records for the period of time at issue in the complaint and plaintiff shall review said records and determine if any of the Nurses reflected in said records should be named as defendants in this action and, if so, file and serve a motion to amend the caption to name those Nurses.

SO ORDERED.

DATED: 5/15, 2013
Buffalo, New York

_____
JOHN T. CURTIN
United States District Judge

---

[2]Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.

4