UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL MITCHELL,

                                   Plaintiff,

v.                                                  **DECISION AND ORDER**
                                                                         13-CV-150S

PETER BRASELMANN, et al.,

                                   Defendants.

## I. INTRODUCTION

Plaintiff Michael Mitchell, proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to 42 U.S.C. § 1983, alleging that while he was incarcerated, Defendants denied him appropriate medical treatment in violation of the Eighth Amendment. Pending before this Court are Plaintiff's motion for partial summary judgment and Defendants' motion for summary judgment dismissing the Complaint. This Court finds the matter fully briefed and oral argument unnecessary. For the reasons discussed below, Plaintiff's motion is denied, and Defendants' motion is granted.

## II. BACKGROUND

Plaintiff commenced this action in February 2013 against Defendant Peter Braselmann, M.D., and several unidentified Jane and John Doe nurses. Two nurses, Joanne Seeley and Candice Rae Baker,[1] were subsequently identified as being scheduled

---

[1] Baker's last name is misstated as "Bauer" at several points in the record.

for duty during the relevant time period. (Docket Nos. 6, 9.) At all times relevant to his complaint, Plaintiff was an inmate under the care of the Health Services Department of the New York State Department of Corrections and Community Services ("DOCCS"). (Defs' Statement of Undisputed Facts ("Defs' Stmt") ¶ 15, Docket No. 37-1.) Although incarcerated at Southport Correctional Facility, Plaintiff's claims arise from his alleged mistreatment while assigned to the Elmira Correctional Facility's Mental Health Unit. (Complaint, Docket No. 1, at 1-2; Defs' Stmt ¶¶ 2, 15.) He was transferred there from Southport in March 2012 after he reported suicidal thoughts resulting from sexual abuse by a correctional officer. (Pl's Statement of Undisputed Facts ("Pl's Stmt") ¶¶ 1-5, Docket No. 30.) While there, Plaintiff purposefully struck his head against the cell bars in a purported suicide attempt, at which time he was seen by Defendant Braselmann. (Pl's Stmt ¶¶ 6-7; Defs' Stmt ¶ 20.) Dr. Braselmann shortly transferred Plaintiff to an outside emergency room, Arnot Ogden Medical Center ("AOMC"), for further treatment. (Pl's Stmt ¶ 11; Defs' Stmt ¶ 19.) There, Plaintiff received a CT scan of his head and cervical spine, which indicated no evidence of a fracture. (Pl's Stmt ¶ 13; Defs' Stmt ¶¶ 21-22.)

Defendant Candice Rae Baker saw Plaintiff upon his return from AOMC, and states that he reported no complaints at that time. (Baker Decl ¶¶ 8-11, Docket No. 37-3.) Dr. Braselmann reviewed the medical records and cleared Plaintiff to return to the Mental Health Unit. (Braselmann Decl ¶ 16, Docket No. 37-4.) Plaintiff's AOMC general discharge instructions state that Plaintiff may need acetaminophen or ibuprofen, and that Plaintiff may have a "mild headache" for a few days. (Braselmann Ex A, Docket No. 37-4 at 15.) Plaintiff asserts that he repeatedly requested pain medication following his return to the Mental Health Unit, but no medication was ordered or given to him over the course of nine

days. (Pl's Stmt ¶¶ 21-24; Pl's Mem of Law at 5-6, Docket No. 31.)  Plaintiff purposely cut his arm out of frustration with Defendants' failure to treat his continued severe pain. (Pl's Stmt ¶ 25.)   Plaintiff alleges that when Defendant Seeley saw Plaintiff's self-inflicted wounds, she said he would "be fine," and walked away without treating Plaintiff. (Pl's Stmt ¶¶ 26-27.)  Following Plaintiff's completion of the grievance process, this action ensued.

### III. DISCUSSION

"A motion for summary judgment may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A court's function on a summary judgment motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Kaytor, 609 F.3d at 545. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2003) (*quoting* Anderson, 477 U.S. at 248), *cert denied*, 540 U.S. 811 (2003).  A court must also "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  Where, as here, both parties move for summary judgment, "each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." Morales v. Quintel Entm't,

249 F.3d 115, 121 (2d Cir. 2001).

Further, "[i]t is well established that the submissions of a *pro se* litigant[2] must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.' " Triestman v. Federal Bur. of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)(emphasis in original) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)). "A *pro se* plaintiff, however, cannot defeat a motion for summary judgment by simply relying on the allegations of his complaint; he must present admissible evidence from which a reasonable jury could find in his favor." Belpasso v. Port Auth. of New York & New Jersey, 400 F. App'x 600, 601 (2d Cir. 2010); see Champion v. Artuz, 76 F.3d 483, 485 (2d Cir. 1996) (summary judgment properly entered against *pro se* plaintiff who failed to oppose motion with admissible evidence after receiving plainly worded warning of the consequences of such failure). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252.

Plaintiff seeks partial summary judgment with respect to the liability of only Defendants Braselmann and Seeley without reference to or reservation of any claim against Defendant Baker. (Pl's Notice of Motion ¶ 2, Docket No. 2.)  In his Complaint, Plaintiff seeks damages for Defendants' alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This section imposes civil liability upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution and laws.  See 42 U.S.C. § 1983.  Section 1983 does not itself provide

---

[2]In accordance with Local Rule of Civil Procedure 56(b), Defendants filed and served a notice advising Plaintiff of the requirements in opposing a summary judgment motion. (Docket No. 37 at 2.)

a source of substantive rights, but instead provides the mechanism by which a plaintiff may seek vindication of federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).

Defendants oppose Plaintiff's motion and seek summary judgment dismissing the Complaint in its entirety. Initially, as Defendants argue, to the extent that Plaintiff seeks damages from Defendants in their official capacities, such claims must be dismissed as barred by the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45(1989) (a state is not a 'person' within the meaning of § 1983, and a suit against a state agent acting in his or her official capacity is a suit against the state). Further, the claims against the still unidentified John and Jane Doe defendants must be dismissed because, having never been served with the Complaint, they did not become parties to this action. See Fed. R. Civ. P. 4(m); Jackson v. Bederman, No. 12 Civ. 1338(KPF), 2014 WL 2805242, *12 (S.D.N.Y. June 20, 2014).

Plaintiff's remaining claims are grounded in the Eighth Amendment. A "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citation omitted). In order to establish a violation of a prisoner's rights under this theory, a plaintiff must establish two conditions: (1) that his or her medical condition was objectively a serious one; and (2) that each defendant alleged to have violated the prisoner's rights acted with deliberate indifference to that medical need. Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003) (citing Estelle, 429 U.S. at 104).

Plaintiff asserts that he meets the objective prong because, as recognized by the

Second Circuit, " 'the Eighth Amendment forbids not only deprivations of medical care that produce physical torture and lingering death, but also less serious denials which cause or perpetuate pain.' " Brock, 315 F.3d at 163 (quoting Todaro v. Ward, 565 F.2d 48, 52 (2d Cir. 1977)).  He alleges that the pain he experienced for nine days after his suicide attempt affected his daily activities, his memory, and caused insomnia. (Pl's Mem of Law at 4 .)  Notably, Plaintiff neither argues that the self-inflicted scratches or cuts on his arm independently constituted an objectively serious medical condition nor alleges that these cuts became infected or otherwise had trouble healing.  Cf. Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003) (the failure to treat otherwise insignificant wounds can amount to an Eighth Amendment violation if that wound develops signs of infection, thereby creating a substantial risk of injury).

Defendants correctly contend that the objective component has not been satisfied in this case. Initially, although the severity of pain allegedly suffered by a plaintiff is a significant factor in determining whether an objectively serious medical condition exists, subjective complaints of pain alone are insufficient to meet Eighth Amendment standards. Thomas v. Nassau County Corr. Ctr., 288 F. Supp. 2d 333, 338 (E.D.N.Y.2003); see Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 310 (S.D.N.Y. 2001) (mild or moderate pain or discomfort insufficient to establish objectively serious medical need); cf. Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) (objective conditions satisfied by allegations of "extreme pain," deterioration of teeth, and inability to eat properly).  Unlike Brock, where two physicians opined that the plaintiff's condition had the potential to cause constant pain and warranted further treatment, 315 F.3d at 161, 163, here the alleged severity of Plaintiff's pain allegations is undermined by his medical

records. See Grant v. Burroughs, No. 96 Civ. 2753 (MGC), 2000 WL 1277592, *4 (S.D.N.Y. Sept. 8, 2000) (plaintiff's allegation that he was left in pain for two months failed to establish objective condition where his medical records undermined the conclusion that the underlying medical condition was one that would produce extreme pain).

Further, as Defendant's argue, (Defs' Mem of Law at 6), contrary to Plaintiff's assertion that Defendants denied him medication prescribed by medical personnel at AMOC, no prescription pain medication was ordered during his treatment there. Instead, Plaintiff was given anti-inflammatory medication to treat the cervical neck strain. (Braselmann Decl ¶ 14; see Pl's Exs, Docket No. 32 at 27.)  CT scans of Plaintiff's head and neck showed no acute intracranial hemorhage, significant mass effect, large infarct, fracture, or subluxation. (Braselmann Decl ¶ 13, Ex A, Docket No. 37-4 at 16-17; see Pl's Exs, Docket No. 32 at 26-27.)  No further medication was prescribed upon discharge; instead, the preprinted instructions refer to acetaminophen or ibuprofen (Tylenol or Motrin) due to the possibility of a "mild headache" for a few days. (Braselmann Ex A, Docket No. 37-4 at 13, 15; see Pl's Exs, Docket No. 32 at 17, 21.)  There is therefore insufficient evidence that Plaintiff was suffering from an objectively serious medical condition.

There is also insufficient evidence that any Defendant acted with deliberate indifference to Plaintiff's medical needs.  To the extent that Plaintiff asserts he should have received stronger pain medication, a preference for a different treatment does not give rise to an Eighth Amendment violation.  Chance, 143 F.3d at 703; Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir.1986) (essential test is one of medical necessity, not desirability); see Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011) (issues of medical judgment cannot be the basis of a deliberate indifference claim).  Finally, the failure to provide a mild pain-relief

medication, such as Tylenol or Motrin, does not establish deliberate indifference where the record reflects that Plaintiff was otherwise adequately treated for his head injury and appropriately monitored. See Alvarez v. Liscum, 89 F. App'x 297, 297 (2d Cir. 2004) (citing Smith v. Carpenter, 316 F.3d 178, 186 (2d Cir. 2003)). Indeed, Plaintiff does not allege any misconduct in the treatment of, or lasting repercussions from, the underlying head trauma itself.

## IV. CONCLUSION

Defendants established their entitlement to summary judgment dismissing the Complaint in its entirety, and Plaintiff failed to raise a triable issue of material fact in opposition.[3] The Complaint is therefore dismissed.

## V. ORDERS

IT HEREBY IS ORDERED that Plaintiff's Motion for Partial Summary Judgment (Docket No. 30) is DENIED;

FURTHER, that Defendants' Cross-Motion for Summary Judgment (Docket No. 37) is GRANTED and the Complaint is dismissed;

---

[3]Although any response by Plaintiff in opposition to Defendants' summary judgment cross-motion was due by November 21, 2014, no response was filed. On January 29, 2015, Plaintiff filed a request for an extension of time in which to file due to an unresolved motion to compel. (Docket No. 40 (referencing the May 8, 2014 motion at Docket No. 26).) An order denying that motion was filed on February 3, 2015. (Docket No. 41.) Moreover, an extension is not warranted because Plaintiff does not explain how Defendants' response to that motion to compel – which appears responsive to all of the document requests (Docket Nos. 28, 29) – was insufficient such that he was precluded from adequately opposing Defendant's summary judgment motion.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: January 31, 2015
      Buffalo, New York

                                              <u>/s/William M. Skretny</u>
                                              WILLIAM M. SKRETNY
                                                    Chief Judge
                                          United States District Court